[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE NO. 122
The plaintiff, Wilton YMCA, Inc., brings this action against the defendant, Mark DeAngelis d/b/a Mark DeAngelis, Inc. and M. DeAngelis, Inc., to recover damages for the defendant's alleged breach of two contracts to perform concrete and masonry work on the plaintiff's premises. In an amended complaint the plaintiff alleges that the defendant breached the contracts by failing to complete the work in a timely fashion, and by performing the work in a defective manner. In the third count of the amended complaint, the plaintiff alleges that the defendant violated General Statutes § 35-1 by transacting business as "Mark DeAngelis, Inc." or "M. DeAngelis, Inc." without filing a certificate, and that the defendant's failure to comply with § 35-1
constitutes a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b(a).
The defendant filed a motion to strike the third count of the amended complaint on the ground that the plaintiff failed to allege that the defendant conducted business under an assumed name. The defendant CT Page 5942 also moves to strike the third count on the ground that the plaintiff fails to allege that the defendant's conduct violates any of the three prongs of the "cigarette rule."
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on it the court is limited to the facts alleged in the complaint, which must be construed in a light most favorable to the plaintiff. Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215, (1992).
Section 35-1 provides in pertinent part that:
 No person . . . shall conduct or transact business in this state, under any assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the person or persons conducting or transacting such business, unless there has been filed, in the office of the town clerk in the town in which such business is or is to be conducted or transacted, a certificate stating the name under which such business is or is to be conducted or transacted and the full name and post-office address of each person conducting or transacting such business, or in the case of a corporation or limited liability company using such an assumed name, its full name and principal post-office address.
(Emphasis added.)
Here the plaintiff alleges that the defendant, Mark DeAngelis, by using the names "Mark DeAngelis, Inc." and "M. DeAngelis, Inc.," conducted business as a corporation when, in reality, he never filed a certificate with the town clerk in the town in which he conducted business. The defendant argues that the plaintiff has to allege that the defendant used an "assumed name," and erroneously argues that an "assumed name" for purposes of § 35-1 must be equated with the use of an alias. Section 35-1 clearly prohibits the transacting of business "under any designation, name or style, corporate or otherwise," where that name or designation has not been filed with the town clerk of the town in which the business is conducted. Thus, the plaintiff has sufficiently alleged that the CT Page 5943 defendant's conduct violated § 35-1.
Section 35-1 also provides in pertinent part that: "[f]ailure to comply with the provisions of this section shall be deemed to be an unfair or deceptive trade practice under subsection (a) of section 42-110b. Therefore, the plaintiff, in pleading that the defendant violated § 35-1, need not plead that the defendant's conduct violated one of the prongs of the "cigarette rule," as a violation of § 35-1 is a per se violation of CUTPA.[1]
Accordingly, the court denies the defendant's motion to strike.
SAMUEL S. FREEDMAN, JUDGE